UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHONAZAROV FARUKHRUZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ, SUPERINTENDENT OF ) <br> PLYMOUTH COUNTY CORRECTIONAL ) <br> FACILITY, ) <br> ) <br> Respondent. ) | Civil Action No. 25-10304-MJJ |

## MEMORANDUM OF DECISION

August 20, 2025

JOUN, D.J.

Petitioner Shonazarov Farukhruz ("Mr. Farukhruz" or "Petitioner") has been in custody since October 2023. Contending unlawful detention, Mr. Farukhruz petitions this Court under 28 U.S.C. § 2241 and the Due Process Clause for either immediate release or alternatively, an individualized bond hearing. For the reasons stated below, Mr. Farukhruz's Petition is DENIED.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Mr. Farukhruz is a native of Tajikistan and Russia. [Doc. No. 10-1 at ¶ 7; Doc. No. 1-3 at 1]. On or about October 31, 2023, Mr. Farukhruz applied for admission to the United States at a port of entry but was deemed inadmissible by U.S. Border Patrol and subsequently processed for expedited removal under 8 U.S.C. §1225(b)(1). [*Id*.; Doc. No. 1 at 4]. Mr. Farukhruz was deemed inadmissible because he did not possess or present a valid immigrant visa, reentry permit, border crossing identification, or other valid entry document. [Doc. No. 1-3 at 1]. At that

1

time, Petitioner claimed a fear of return to his home country and was referred to United States Citizenship and Immigration Services for a credible fear interview with an asylum officer. [Doc. No. 10-1 at ¶ 7]. The asylum officer found that Petitioner had a credible fear of harm and placed him into removal proceedings through the issuance of a Notice to Appear ("NTA") on or about January 30, 2024. [*Id.* at ¶ 8; Doc. No. 1-3 at 1].

On or about September 3, 2024, Petitioner and counsel appeared before an Immigration Judge ("IJ") for a hearing on the merits of Petitioner's application for relief from removal. [Doc. No. 10-1 at ¶ 15–16]. Petitioner's request was denied on or about September 26, 2024, and Mr. Farukhruz was ordered to be removed to Russia or in the alternative, Tajikistan. [*Id.*; Doc. No. 1-3 at 5, 7]. Petitioner then filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA") on or about October 28, 2024. [Doc. No 10-1 at ¶ 17; Doc. No. 1-3 at 12–15]. The appeal and a motion to remand remain pending. [Doc. No. 10-1 at ¶ 19].

## II.     DISCUSSION

### A.     **Petitioner's Detention Pursuant To Section 1225(b)**

Petitioner claims that he has been unlawfully detained for a prolonged period without a bond hearing. Respondent argues that Petitioner's detention is fully supported by the Immigration and Nationality Act ("INA") and its implementing regulations.

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to . . . lack of valid documentation." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). "Aliens covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." *Id*. (citing § 1225(b)(1)(A)(i)). "But if a § 1225(b)(1) alien 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that alien is referred for an asylum interview." *Id*. (citing § 1225(b)(1)(A)(ii)). If the immigration officer

2

determines that the alien has a credible fear of persecution, Section 1225(b)(1)(B)(ii) mandates that individual be detained. *Id*. (citing § 1225(b)(1)(B)(ii)). And aliens covered by § 1225(b)(2) "'shall be detained for a [removal] proceeding" if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted" into the country.'" *Id*. at 288 (citing § 1225(b)(2)(A)).

Section 1225(b)(1) and (b)(2) govern Mr. Farukhruz's detention. Petitioner was deemed inadmissible to enter the United States pursuant to 8 U.S.C. 1182(7) and was subsequently processed for expedited removal. At that time, Petitioner claimed a fear of return to his home country and an asylum officer found that Petitioner had a credible fear of harm. Petitioner's application was then heard by an IJ, who denied his application. Petitioner's appeal remains pending. Therefore, this Court turns to § 1225(b) to determine the lawfulness of Mr. Farukhruz's custody. As already established, Section 1225(b)(1) and Section 1225(b)(2) mandate an alien be detained, and "[o]nce those proceedings end, detention under § 1225(b) must end as well. Until that point however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Jennings*, 583 U.S. 842. Thus, as a non-citizen inadmissible under 8 U.S.C. 1182(7), Mr. Farukhruz's detention is authorized by statute.

### B. Due Process

"The [Supreme] Court [in *Jennings*] did not, however, address whether the denial of individualized bond hearings for aliens detained pursuant to Section 1225(b) . . . violates the Due Process Clause of Constitution." *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 647 (S.D.N.Y. 2018). Thus, the central question is whether Petitioner's detention violates the Fifth Amendment.

The government argues that because Mr. Farukhruz is an alien, who arrived at a port of entry, he should be treated for due process purposes as if stopped at the border. In other words, according to the government, Mr. Farukhruz should only have those rights regarding admission that Congress has provided by statute.

In *Thuraissigiam*, the Supreme Court held that an alien who "is detained shortly after unlawful entry" is not treated, for due process purposes, as having "effected an entry" into the United States. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–140 (2020). That person is instead treated as "on the threshold," like "an alien detained after arriving at a port of entry." *Id*. at 140. And "[f]or these reasons, an alien in respondent's [Thuraissigiam's] position [individuals found within 25 feet of the border who have entered within the past 24 hours of their apprehension] has only those rights regarding admission that Congress has provided by statute." *Id*. However, it is also true that "[t]he due process clause likewise prohibits the unduly prolonged detention of an alien." *Pena v. Hyde*, No. 25-cv-11983, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *see also Thuraissigiam*, 591 U.S. at 192 (Sotomayor, S. dissenting) (citing *Zadvydas*, 533 U.S. at 693–694) ("this Court has long affirmed that noncitizens have due process protections in proceedings to remove them from the country once they have entered.").

"In this case, petitioner's detention is both authorized and required by a duly enacted federal statute, as articulated above, . . . and this Court is likewise without jurisdiction to review the decision to initiate his removal in the first instance, *see Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999)." *Pena*, 2025 WL 2108913, at *2. Thus, on these issues, Mr. Farukhruz's status "comports with due process." *Id*.

Regarding the length of his detention, Mr. Farukhruz has been detained since October 2023, approximately 23 months, which far exceeds the six-month period that is presumptively constitutional. However, Mr. Farukruz's case resolution is readily foreseeable, rendering his current detention compliant with the Due Process Clause. Here, Petitioner's asylum application was denied, and his appeal is pending before the BIA, indicating Mr. Farukhruz's application is at an advanced stage of the proceedings. Furthermore, there is no evidence that the government has detained Petitioner for any reason external to the completion of his removal proceedings. Finally, the First Circuit recently aligned itself with the Fourth Circuit in finding "'withholding-only proceedings are <u>finite</u>.' And because they 'have a definite ending point, then so too must the detention <u>pending</u> the resolution of those proceedings.'" *G.P. v. Garland*, 103 F.4th 898, 903 (1st Cir. 2024) (citing *Castaneda v. Perry*, 95 F.4th 750, 757 (4th Cir. 2024)). Thus, Petitioner's due process claim does not survive.

### III.  CONCLUSION

For the reasons stated above, Mr. Farukhruz's Petition is <u>DENIED</u>.

<u>/s/ Myong J. Joun</u><br>
United States District Judge